UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| FABIAN WHITE, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-00361-JPH-DLP |
| DUSHAN ZATECKY, | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Fabian White filed this petition for a writ of habeas corpus challenging his 2005 Indiana state court convictions for murder, attempted murder, and escape. The respondent has moved to dismiss the petition, arguing that Mr. White has failed to exhaust his state court remedies. Indeed, Mr. White has failed to exhaust, so the motion to dismiss, dkt. [5], is **GRANTED**, and this action is **DISMISSED**.

## I. Background and Procedural History

Mr. White was convicted in 2005 of murder, attempted murder, and escape. *White v. State*, 849 N.E.2d 735, 738 (Ind. Ct. App. 2006). The trial court sentenced him to a combined 115-year prison term. *Id.* at 738−39. Mr. White appealed, raising issues related to jury instructions and sentencing. *Id.* at 739. The Indiana Court of Appeals affirmed. *Id.* at 745. On October 26, 2006, the Indiana Supreme Court denied leave to transfer. Dkt. 5-1 at 5.

On September 28, 2007, Mr. White filed a petition for post-conviction relief in Indiana state court. Dkt. 5-3 at 2. The trial court denied relief in December 2018. *Id.* at 11. Mr. White's

appeal remains pending in the Indiana Court of Appeals.[1] The appeal was dismissed on November 15, 2019, but then reinstated on November 26, 2019.

On February 11, 2019, Mr. White filed a petition for a writ of habeas corpus in this Court. *White v. Zatecky*, No. 1:19-cv-00611-JMS-DML. That action was dismissed without prejudice for failure to exhaust.

On July 31, 2019, Mr. White filed the currently pending petition for a writ of habeas corpus in this Court, alleging ineffective assistance of trial counsel. Dkt. 1. The respondent has moved to dismiss the petition for failure to exhaust state remedies. Dkt. 5.

## II. Discussion

Before seeking habeas corpus review in federal court, a petitioner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770–71 (7th Cir. 2016).

Mr. White has not exhausted his state court remedies. His habeas claims all allege ineffective assistance of trial counsel, a ground he did not raise on direct appeal. And his state post-conviction appeal remains pending.

There is no basis to stay the petition. As the Court explained in dismissing Mr. White's February 2019 habeas corpus petition, dismissal without prejudice will not prevent Mr. White from filing a timely § 2254 petition when his state proceedings are complete. *White v. Zatecky*, No. 1:19-cv-00611-JMS-DML, dkt. 6 (May 6, 2019) ("Mr. White 'can easily return to state court,

---

[1] The Court takes judicial notice of the online docket in *White v. State*, 19A-PC-00143, available at https://public.courts.in.gov/mycase/#/vw/Search.

conclude his pending action, and then submit the state court decision' in another federal habeas petition with this Court." (quoting *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004)).

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as failure to exhaust), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).

Here, no reasonable jurist could disagree that Mr. White has failed to exhaust his available state court remedies. Therefore, pursuant to Rule 11(a) of the *Rules Governing Section 2254 Proceedings in the United States District Courts*, a certificate of appealability is **denied**.

### IV. Conclusion

The claims Mr. White presented in his habeas petition have not been fully exhausted in state court. The respondent's motion to dismiss, dkt. [5], is therefore **GRANTED**, and this action is **DISMISSED without prejudice**. A certificate of appealability is also **denied**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 1/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

FABIAN WHITE
109152
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov